USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-1945 UNITED STATES OF AMERICA, Appellee, v. PHILLIP A. LAFOND, Defendant, Appellant. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] Before Selya, Circuit Judge,  Coffin, Senior Circuit Judge,  and Lipez, Circuit Judge.    Roderick B. O'Connor, by appointment of the court, on brieffor appellant. Margaret E. Curran, United States Attorney, Donald C. Lockhartand Kenneth P. Madden, Assistant United States Attorneys, on brieffor the United States.September 21, 1999   Per Curiam. In this criminal appeal, the defendant (whodid not move to withdraw his plea in the district court) asks us toset aside his conviction and the guilty plea upon which it waspremised. He claims that he "fail[ed] to understand that theconduct of others could be imputed to him" in calculating hisguideline sentencing range, and that, therefore, his guilty pleawas not knowing and intelligently made. Appellant's Brief at 6. In our view, this claim is no more than a claim that thedefendant received a harsher sentence than he had anticipated. Butthe record makes manifest that the appellant had ample warning. His assertion to the contrary is flatly contradicted both by therelevant provisions of the plea agreement and by the painstakingFed. R. Crim. P. 11 colloquy conducted by the district court. Theclaim also runs afoul of settled precedent. See, e.g., UnitedStates v. De Alba Pagan, 33 F.3d 125, 127-28 (1st Cir. 1994). Weneed go no further.Affirmed.